## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

NAUTILUS INSURANCE COMPANY,                                    Civil Action No.

               Plaintiff,

                                               **COMPLAINT FOR DECLARATORY**
v.                                                            **JUDGMENT**

EBANKS ENTERPRISES, LLC,
LAZARO EBANKS, RONALD
SARRA and SICA REALTY, INC.,

               Defendants.
_____

      Plaintiff, Nautilus Insurance Company ("Nautilus"), by way of Complaint for

Declaratory Judgment against Defendants, Ebanks Enterprises, LLC ("Enterprises"), Lazaro

Ebanks, Ronald Sarra and Sica Realty, Inc., states as follows:

### THE PARTIES AND JURISDICTION

      1.      Nautilus is an Arizona corporation.  It is an approved surplus lines insurance

company in New Jersey.  Nautilus has its principal place of business at 7233 E. Butherus Drive,

Scottsdale, Arizona.

      2.      Upon information and belief, Ebanks Enterprises, LLC is a New Jersey Limited

Liability Company with a principal place of business in New Jersey, with all of its members

residing in New Jersey.

      3.      Upon information and belief, Lazaro Ebanks is a member of Enterprises and

resides in New Jersey.

      4.      Upon information and belief, Ronald Sarra is an individual residing in the State

of New Jersey.

1

5.      Upon information and belief, Sica Realty, Inc., is a New Jersey corporation with a principal place of business in New Jersey.

6.      Mr. Sarra is named as an interested party because he is the plaintiff in a suit entitled <u>Sarra v. Sica Realty, Inc.</u>, in the New Jersey Superior Court, Middlesex County, under docket number MID-L-7291-15 (the "Underlying Action").

7.      Sica Realty, Inc., is named as an interested party because it is a defendant in the Underlying Action.

8.      The amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000), not including interest.

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

10.     Venue is proper pursuant to 28 U.S.C. §§ 1391 (b).

## <u>NATURE OF THE ACTION</u>

11.     A First Amended Complaint was filed in the Underlying Action by Ronald Sarra on or about September 23, 2016, against Sica Realty, Inc. Enterprises, Lazaro Ebanks, ABC Corp. 2-10, and John Does 2-10. (the "Underlying Action Defendants").

12.     Exhibit A attached to this Complaint is a true copy of the First Amended Complaint filed in the Underlying Action.

13.     The First Amended Complaint alleges that on December 11, 2013, Mr. Sarra was caused to slip and fall at the premises located at 711 Jersey Avenue, New Brunswick, New Jersey (the "Premises"), owned or controlled by Sica Realty, Inc.  Exhibit A at ¶2.

14.     The First Amended Complaint alleges that the Underlying Action Defendants were the owners and actually in control of the Premises and were "negligent in the inspection,

2

maintenance, repair, cleaning snow and ice removal and/or care of the premises presenting a dangerous and hazardous condition." Id. at ¶3

15.     Ronald Sarra claims to have been injured as a result of this negligence.  Id. at ¶6.

16.     On March 21, 2017, Ronald Sarra was deposed in the Underlying Action.

17.     Attached as Exhibit B to this Complaint are excerpts from Ronald Sarra's deposition from the Underlying Action.

18.     Ronald Sarra testified that on December 11, 2013, he arrived at the Premises. T15:4, Exhibit B.

19.     Ronald Sarra testified that he parked his car, got out of his car, started walking toward the building, and then slipped on unsalted ice that was in the driveway at the Premises. T15:4-7, Exhibit B.

20.     Ronald Sarra testified that after falling down, he tried to get up again and fell down after sliding on the ice again.  T15:5-9, Exhibit B.

21.     Mr. Ebanks testified in the Underlying Action on June 29, 2017.

22.     Attached as Exhibit C to this Complaint are excerpts from Mr. Ebanks' deposition transcript in the Underlying Action.

23.     Mr. Ebanks testified that was retained to perform snow plowing and salting at the Premises. T13:9-12, Exhibit C.

24.     According to the records maintained by Mr. Ebanks, he salted the parking lot at the Premises on December 11, 2013.  T32:17-20 and T43:1-3, Exhibit C.

25.     The First Amended Complaint was tendered to Nautilus on or about April 3, 2017.

117831

26.     Nautilus appointed defense counsel to defend Enterprises and Mr. Ebanks in the Underlying Action subject to a reservation of rights by letter dated April 7, 2017.

27.     Attached as Exhibit D is the Nautilus April 7, 2017, reservation of rights letter.

28.     By letter dated September 25, 2017, Nautilus apprised Mr. Ebanks and Enterprises that Nautilus was disclaiming coverage and that Nautilus had no obligation to indemnify Ebanks or Enterprises for Mr. Sarra's claim.

29.     Attached as Exhibit E is the Nautilus September 25, 2017, disclaimer letter to Mr. Ebanks and Enterprise.

30.     By letter dated October 2, 2017, Nautilus apprised Mr. Sarra that Nautilus was disclaiming coverage and had no obligation to indemnify Ebanks or Enterprises for Mr. Sarra's claim.

31.     Nautilus is continuing to defend Ebanks and Enterprises in the Underlying Action subject to a reservation of its rights pending disposition of this declaratory judgment action.

## THE NAUTILUS POLICY

32.     Nautilus issued a commercial lines policy to Enterprises bearing policy number NN354975 (the "Nautilus Policy").

33.     Attached as Exhibit F is a complete copy of the Nautilus Policy with confidential or proprietary information redacted.

34.     The Commercial General Liability Coverage Part Declarations page of the Nautilus Policy lists under the heading "Business Description" the description "Remodeling Contractor."  Exhibit F.

117831

35.    The Commercial General Liability Coverage Part Declarations page of the Nautilus Policy lists three classifications:    Remodeling Contractor (code #490745); Contractors – subcontracted work – in connection with construction, reconstruction, repair or erection of buildings NOC (code #91585); and Contractor – subcontracted work – in connection with building construction, reconstruction, repair or erection – 1 or 2 family dwellings (code #91583).  Exhibit F.

36.    The Insuring Agreement in the Nautilus Policy provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .
>
> *    *    *
>
> This insurance applies to "bodily injury" and "property damage" only if:
>
> (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2)    The "bodily injury" or "property damage" occurs during the policy period;
>
> [Exhibit F.]

37.    The Nautilus Policy contains the Classification Limitation-Remodeling Contractors Endorsement (L247 07 12) (hereafter the "Classification Limitation") that provides:

5

A.      The Classification Description for Class Code 90745 is as follows:

**Remodeling Contractors**

This classification includes only "your work" as a "remodeling contractor" that consists of one or more "eligible trades".

B.      The following exclusion is added to 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability, Coverage B – Personal And Advertising Injury Liability and Coverage C – Medical Payments:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of "your work" as a "remodeling contractor" if the classification is not:

1.      Included as an "eligible trade"; or

2.      A "designated classification".

C.      With respect to the insurance provided by this endorsement, the following definitions are added to the Definitions section:

1.      "Designated classification" means only those operations performed by any insured, not included as an "eligible trade", that are separately classified, rated and described in the General Liability Coverage Part Declarations or the endorsements or supplements to this Coverage Part.

2.      "Eligible trade" means the operations included in the following classifications:

a.      Air Conditioning Systems or Equipment – dealers or distributors and installation, servicing or repair, Class Code 91111

b.      Appliances and Accessories – installation, servicing or repair – commercial, Class Code 91150

6

117831

c.      Appliances and Accessories – installation, servicing or repair – household, Class Code 91155

d.      Carpentry – interior, Class Code 91341

e.      Carpentry – NOC, Class Code 91342

f.      Ceiling or Wall Installation – metal, Class Code 91436

g.      Concrete Construction (limited to low hazard construction work such as concrete footing work for patios, driveway and sidewalk repairs, etc.), Class Code 91560

h.      Door, Window or Assembled Millwork – installation, service or repair – metal, Class Code 91746

i.      Drywall or Wallboard Installation, Class Code 92338

j.      Electrical Work – within buildings, Class Code 92478

k.      Floor Covering Installation – not ceramic tile or stone, Class Code 94569

l.      Heating or Combined Heating and Air Conditioning Systems or Equipment – dealers or distributors and installation, servicing or repair – no liquefied petroleum gas (LPG) equipment sales or work (only if done in conjunction with other "eligible trade" work on a single remodeling job), Class Code 95647

m.      House Furnishings Installation - NOC, Class Code 96053

n.      Insulation Work - mineral, Class Code 96410

7

117831

o.    Insulation Work – organic or plastic in solid state, Class Code 96409

p.    Insulation Work - plastic, Class Code 96408

q.    Landscape Gardening, Class Code 97047

r.    Masonry, Class Code 97447

s.    Painting – exterior – buildings or structures three stories or less in height - NOC, Class Code 98304

t.    Painting – interior – buildings or structures, Class Code 98305

u.    Paperhanging, Class Code 98344

v.    Plastering or Stucco Work, Class Code 98449

w.    Plumbing – commercial and industrial, Class Code 98482

x.    Plumbing – residential or domestic, Class Code 98483

y.    Siding Installation (only if done in conjunction with other "eligible trade" work on a single remodeling job), Class Code 98967

z.    Tile, Stone, Marble, Mosaic or Terrazzo Work – interior construction, Class Code 99746

3.    "Remodeling contractor" means a contractor that specializes in residential or commercial non-structural remodeling and whose work may include more than one classification.

[Exhibit F.]

38.    The Nautilus Policy defines "your work" as follows:

117831

"Your work":

a.      Means:

      (1)      Work or operations performed by you or on your behalf; and

      (2)      Materials, parts or equipment furnished in connection with such work or operations.

b.      Includes

      (1)      Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work",

and

      (2)      The providing of or failure to provide warnings or instructions.

[Exhibit F.]

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

39.      Nautilus repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint as if set forth at length herein.

40.      Snow and ice removal are not in the Business Description of the Nautilus Policy.

41.      The Classification Limitation limits coverage under the Nautilus Policy only to certain enumerated tasks.

42.      Snow removal is not an enumerated task in the Classification Limitation of the Nautilus Policy.

43.      Ice removal is not an enumerated task in the Classification Limitation.

44.      Salting a driveway is not an enumerated task in the Classification Limitation.

9

45.     The Underlying Action does not allege that Enterprises or Ebanks were performing work as a remodeling contractor or any of the enumerated tasks in the Classification Limitation.

46.     The Nautilus Policy does not provide coverage for the allegations as to Enterprises or Ebanks for the Underlying Action.

WHEREFORE, Nautilus requests that judgment be entered declaring that Nautilus has no obligation to defend or indemnify Enterprises or Ebanks for the Underlying Action, together with all such other relief as the Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
#### (Declaratory Judgment)

47.     Nautilus repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint as if set forth at length herein.

48.     Nautilus has been defending Ebanks and Enterprises since April 7, 2017, subject to a reservation of rights.

49.     There is no obligation to defend or indemnify Ebanks and Enterprises in the Underlying Action.

WHEREFORE, Nautilus requests that judgment be entered declaring that Nautilus no longer has any obligation to continue to defend Enterprises and Ebanks in the Underlying Action, together with all such other relief as the Court deems just and proper.

117831

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

I hereby certify that, to my knowledge, the matter in controversy is not the subject of

any other motion or proceeding pending in any other court or in any pending arbitration or

administrative proceeding.

DATED:     November 17, 2017     KINNEY LISOVICZ REILLY & WOLFF PC
           299 Cherry Hill Road, Suite 300
           Parsippany, New Jersey 07054
           (973) 957-2550
           Attorneys for Plaintiff,
           Nautilus Insurance Company


By:    _/s/ Michael S. Chuven_____
        Michael S. Chuven, Esq.

117831